UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

                                                Case No. 24-cr-20078
-v-                                        Hon. Shalina D. Kumar

GLENN E. KOTCHOUNIAN,

    Defendant.

| Blaine T. Longsworth | Edward A. Bajoka |
|---|---|
| Assistant U.S. Attorney | Attorney for Mr. Kotchounian |
| U.S. Attorney's Office | Bajoka Law Group, PLLC |
| 600 Church Street | 500 Griswold Street, Suite 1630 |
| Flint, MI 48502 | Detroit, MI 48226 |
| 810.766.5177 | 844.422.5652 |
| blaine.longsworth@usdoj.gov | bajokalaw@gmail.com |

## MOTION TO DISMISS INDICTMENT

NOW COMES Defendant Glenn E. Kotchounian, through his attorney, Edward A. Bajoka of Bajoka Law Group, PLLC, and respectfully requests this Court to dismiss the indictment under the Second Amendment of the United States Constitution. In support of this Motion, Mr. Kotchounian states as follows:

1. Mr. Kotchounian is indicted on one count of Felon in Possession of Ammunition in violation of 18 U.S.C. §922(g)(1).

2. In deciding on Second Amendment challenges, the Court may only consider "constitutional text and history." *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 22 (2022). "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 24. To rebut this presumption, the government must "justify

its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

3. Because possession of a firearm is included in the Second Amendment's "plain text," possession of ammunition is necessarily included. The government is unable to rebut that presumption, as it has been unable to do so in numerous district courts since the *Bruen* ruling, both in this district and elsewhere.[1]

WHEREFORE, for these reasons and those more fully set forth in the attached brief in support, Mr. Glenn Kotchounian respectfully asks this Court to dismiss this indictment.

Respectfully Submitted,

/s/Edward A. Bajoka
Bajoka Law Group, PLLC
By: Edward A. Bajoka
Attorney for Mr. Kotchounian

Dated: May 28, 2024

---

[1] *See Range v. Attorney General*, 69 F. 4th 96 (3d Cir. 2023), *United States v. Griffin*, 2023 WL 8281564 (N.D. Ill. Nov. 30, 2023); *United States v. Taylor*, 2024 WL 24557 (S.D. Ill., Jan. 22. 2024); *United States v. Jones*, 2024 WL 86491 (S.D. Miss., Jan. 8, 2023) (Reeves, J.); *United States v. LeBlanc*, 2023 WL 8756694 (M.D. La., Dec. 19, 2023); *Williams v. Garland*, 2023 WL 7646490 (E.D. Pa., Nov. 14, 2023); *United States v. Prince*, 2023 WL 7220127 (N.D. Ill., Nov. 2, 2023); *United States v. Harper*, 2023 WL 5672311 (M.D. Pa., Sept. 1, 2023); *United States v. Bullock*, 2023 WL 4232309 (S.D. Miss., Jun. 28, 2023); *United States v. Quailes*, 2023 WL 5401733 (M.D. Pa., Aug. 22, 2023); *United Sates v. Forbis*, 2023 WL 5971142 (N.D. Okla., Aug. 17, 2023). *United States v. Williams*, __ F. Supp.3d __, No. 23-cr-20201, 2024 U.S. Dist. LEXIS 30849 (E.D. Mich., Feb. 22, 2024).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

                                                      Case No. 24-cr-20078
-v-                                                    Hon. Shalina D. Kumar

MATTHEW KOTCHOUNIAN,

    Defendant.

## BRIEF IN SUPPORT OF MOTION TO DISMISS INDICTMENT

Mr. Glenn Kotchounian is charged with one count of felon in possession of ammunition in violation of 18 U.S.C. §922(g)(1). The conduct as alleged in the indictment – possessing ammunition – comes within the plain text of the Second Amendment. The government cannot overcome that presumption because there is no historical support for such a broad ban on the possession of firearms.

## ARGUMENT

The Second Amendment, a powerful, one-sentence amendment, provides, "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

In *District of Columbia v. Heller*, the Supreme Court held the Second Amendment codified a pre-existing individual right to possess and use firearms for lawful purposes like self-defense. 554 U.S. 570, 592, 624 (2008). Based on a survey of the history of the Second Amendment, the Court concluded the right is "not limited to the carrying of arms in a militia." *Id.* at 586. Rather, "the Second Amendment

3

confers an individual right to keep and bear arms" that "belongs to all Americans." *Id.* at 581, 662.

Two years later in *McDonald v. City of Chicago*, the Court reaffirmed *Heller's* "central holding" that "the Second Amendment protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense within the home." 561 U.S. 762, 780 (2010). In holding that the Second Amendment applies against the states as well as the federal government, the Court described the right to keep and bear arms as "fundamental to our scheme of ordered liberty" and "deeply rooted in this Nation's history and tradition." *Id.* at 767. And that right, the Court warned, should not be treated "as a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees." *Id.* at 780.

In *New York State Rifle & Pistol Association, Inc. v. Bruen*, the Court held that "[n]othing in the Second Amendment's text draws a home/public distinction with respect to the right to keep and bear arms." 597 U.S. 1, 32 (2022). The Court further clarified the way courts should consider Second Amendment challenges. Before *Bruen*, courts decided these challenges by balancing the strength of the government's interest in firearm regulation against the degree of infringement on the challenger's right to keep and bear arms. *Bruen* rejected that approach, instructing courts to instead consider only "constitutional text and history." *Id.* at 22. If "the Second Amendment's plain text covers an individual's conduct," then under *Bruen*, "the Constitution presumptively protects that conduct." *Id.* at 24. To rebut the

4

presumption, the government must show that a challenged law is "consistent with the Nation's historical tradition of firearm regulation." *Id.*

I. **Mr. Kotchounian's Conduct as Alleged in the Indictment – Possession of Ammunition – Is Covered By the Plain Text of the Second Amendment.**

In deciding whether the Second Amendment's plain text covers Mr. Kotchounian's conduct as alleged in the indictment[2], the Court must determine whether (1) Mr. Kotchounian is one of the people whom the Second Amendment protects, (2) whether the weapon carried is in common use today, and (3) whether the plain text of the Second Amendment protects Mr. Kotchounian's specific conduct. *United States v. Williams*, __ F. Supp.3d __, No. 23-cr-20201, 2024 U.S. Dist. LEXIS 30849 at *15 (E.D. Mich., Feb. 22, 2024) citing *Bruen*, 597 U.S. at 31-32.

a. **Mr. Kotchounian is part of "the people" protected by the Second Amendment.**

Mr. Kotchounian is part of "the people" who have a right to bear arms granted by the Second Amendment. Just as that amendment does not "draw[] a home/public distinction with respect to the right to keep and bear arms," *Bruen*, 142 S. Ct. at 2134, it does not draw a felon/non-felon distinction. "Nothing in the Second Amendment's text" suggests that those who have been convicted of a felony are unentitled to the amendment's protection. *Id.* On the contrary, "the people" is a term that "unambiguously refers to *all* members of the political community, *not an unspecified subset.*" *Heller*, 554 U.S. at 580 (emphasis added). The Second Amendment right, like

---

[2] In recognition of the current status of this case, and to protect Mr. Kotchounian's presumption of innocence, the consideration of Mr. Kotchounian's conduct should be limited to the allegations in the indictment. See *United States v. Williams*, __ F. Supp.3d __, No. 23-cr-20201, 2024 U.S. Dist. LEXIS 30849 at *26 (E.D. Mich., Feb. 22, 2024).

the rights of "the people" in other amendments, "is exercised individually and belongs to *all* Americans." *Id.* (emphasis added). Interpreting "the people" to exclude felons would conflict with that principle. It follows that even "dangerous felons" "are indisputably part of 'the people'" for Second Amendment purposes. *United States v. Jimenez-Shilon*, 34 F.4th 1042, 1046 (11th Cir. 2022); *see also, e.g.*, *United States v. Meza-Rodriguez*, 798 F.3d 664, 670-71 (7th Cir. 2015) (concluding "the people" extends to all "persons who are part of a national community"). Neither *Heller* nor *Bruen* "definitively conclude[d] that felons are excluded from the protections of the Second Amendment and that the protections apply exclusively to law-abiding citizens." *Williams*, 2024 U.S. Dist. LEXIS 30849 at *19-20.

### b. The ammunition in this case is in common use today.

The ammunition found in Mr. Kotchounian's residence is used for handguns, shotguns, and semi-automatic rifles, all of which are in common use today.

### c. The plain text of the Second Amendment protects Mr. Kotchounian's conduct as alleged in the indictment.

Mr. Kotchounian's conduct as alleged in the indictment is merely possession of ammunition. The Second Amendment protects a person's right to "keep" firearms in their homes. *McDonald*, 561 U.S. at 762. The Second Amendment's plain text "presumptively guarantees" a person's right to carry a firearm. *Bruen*, 597 U.S. at 33. In reaching this holding, the Court explained that "'bear' naturally encompasses public carry," as individuals may often "keep" guns in their home but are not typically wearing "a holstered pistol at their hip in their bedroom or while sitting at the dinner table." *Id.* Limiting the right to "bear arms" to a person's home "would make little

6

sense given that self-defense is the central component of the Second Amendment right itself." *Id.* (citation and quotation omitted).

Protecting the act of possessing a firearm but not the act of possessing ammunition makes even less sense. A firearm cannot be used as intended without ammunition. The central component of the Second Amendment is self-defense and being prohibited from having ammunition to use in the firearm defeats this purpose.

For the purpose of this motion, this Court should rely upon the facts as alleged in the indictment given the procedural posture of the case and Mr. Kotchounian's right to be presumed innocent. *Williams* at *28-29. The circumstances surrounding the possession do not impact the elements of the offense when the offense requires mere possession. *Id.* at *28 (citation omitted).

## II. 18 U.S.C. §922(g)(1) Is Not Consistent with the Nation's Historical Tradition of Firearm Regulation.

Because Mr. Kotchounian's conduct as alleged in the indictment is presumptively protected by the Second Amendment, the Court must determine whether the government can justify its law against felons possessing ammunition by "demonstrating that the statute is consistent with the Nation's historical tradition of firearm regulation." *Bruen,* 597 U.S. at 24. This test is demanding: a firearm regulation is consistent with American tradition only if similar regulations were widespread and commonly accepted in the founding era, when the Second Amendment was adopted. *Id.* at 36. The government must meet its burden by pointing to "historical precedent from before, during, and even after the founding [that] evinces a comparable tradition of regulation." *Id.* at 27. Because the Court must

7

consider the "historical tradition" from when the Second Amendment was ratified, "greater weight attaches to law nearer in time" to the ratification. *Williams* at *30-31 citing *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023).

In analyzing the historical context, the Court must first determine whether the requisite similarity between the current regulations and past regulations is "distinct" or "relevant." *Williams* at *31 citing *United States v. Daniels*, 77 F.4th 337, 343 (5th Cir.). If the problem the statute is meant to address is a persistent problem, then the government must identify "a distinctly similar historical regulation addressing that problem." *Bruen*, 597 U.S. at 26. Although this is the government's burden, a brief history will show that the government cannot meet its burden.

In the Federal Firearms Act of 1938, Congress enacted the first federal felon-in-possession law. Pub. L. No. 75-785, 52 Stat. 1250, 1251 (repealed 1968). A person who was a "fugitive from justice," under indictment, or previously convicted of a "crime of violence" was prohibited from possessing a firearm or ammunition. *Id.* at §2(f). This law was narrower than subsequent laws as it defined a "crime of violence" with a specified list including homicide, rape, "mayhem," kidnapping, robbery, assault with intent to murder, rape, or rob, assault with a dangerous weapon, or assault with intent to commit a felony. *Id.* at §1(6). Ammunition was defined as "all pistol or revolver ammunition except .22-caliber rim-fire ammunition." *Id.* at §1(8).

The Federal Firearms Act was replaced with the Gun Control Act of 1968, which included the much broader felon-in-possession statute used today. Pub. L. No. 90-618, 82 Stat. 1213 (codified as 18 U.S.C. §921-928). It criminalized possession of a

8

firearm or ammunition by a person who (1) is under indictment for or who has been convicted in any court of a crime punishable by a prison term exceeding one year (regardless of whether that was their actual sentence) (2) a fugitive from justice, (3) is an unlawful user of or addicted to marihuana or any depressant or stimulant drug, (4) has been adjudicated as a "mental defective" or who has been committed by a mental institution. 18 U.S.C. 922(g) (1968). The definition of ammunition was broadened, too, and included "ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm." 18 U.S.C. §921(a)(17) (1968).

The list of statuses that deny a person their Second Amendment right to possess a firearm has only increased. In addition to those originally excluded, the list now includes: a person who unlawfully uses or is addicted to any controlled substance; an undocumented immigrant in the United States; a person dishonorably discharged from the military; a person who has renounced their U.S. citizenship; a person subject to a personal protection order due to harassment, stalking, or threatening an intimate partner; and a person who has been convicted of a misdemeanor crime of domestic violence. 18 U.S.C. §921(g).

Congress enacted 18 U.S.C. §922(g)(1) to address the societal problem of crime. See also, Williams at *33. The Second Amendment was ratified primarily to ensure the right to self-defense, suggesting that crime also existed at the time of ratification, too. Because crime has always been a concern, the government must point to a "distinctly similar" firearm regulation throughout American history, but most importantly, around the time the Amendment was ratified. It cannot because laws

banning the possession of firearms or ammunition by persons convicted of a felony did not appear in the United States until the 20th century. While those laws have continued to expand and deny a greater number of people their Second Amendment rights, those laws were not enacted until over a century after the ratification of the Second Amendment.

## CONCLUSION

Mr. Kotchounian's conduct as alleged in the indictment is protected under the Second Amendment, and the government cannot show that 18 U.S.C. §922(g) is consistent with the Nation's historical tradition of firearm regulation.

WHEREFORE, Mr. Kotchounian respectfully requests this Court dismiss this indictment.

Respectfully Submitted,

/s/Edward A. Bajoka
Bajoka Law Group, PLLC
By: Edward A. Bajoka
Attorney for Mr. Kotchounian

Dated: May 28, 2024